362 So.2d 145 (1978)
MONTGOMERY INDUSTRIES INTERNATIONAL, INC. and Jacksonville Blow Pipe Company, Appellants,
v.
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC., a Florida Corporation Not for Profit, Appellee.
No. JJ-150.
District Court of Appeal of Florida, First District.
September 12, 1978.
Peter J. Kellogg of Grissett, Humphries & Neder, Jacksonville, for appellants.
*146 Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Carl D. Dawson, Jacksonville, for appellee.
ERVIN, Judge.
Appellants appeal the dismissal with prejudice of their third party complaint. Appellants, defendants and third party plaintiffs below, were subcontractors who contracted with the general contractor, defendant Auchter, to install a waste disposal system in Southern Baptist's hospital. The waste disposal system was installed after extensive modifications. Southern Baptist accepted the job on August 15, 1973, although the subcontractors modified the system after that date. On February 20, 1974, a fire in the waste control system damaged part of the system and required reconstruction. When appellants refused to repair the system according to alleged warranties and guaranties, Southern Baptist filed suit, seeking damages from the general contractor, subcontractors and appellee architects. The subcontractors filed a third party complaint against the architects alleging negligent preparation of the plans and specifications, negligent supervision of installation of the system and negligent refusal to authorize necessary changes or advise Southern Baptist about changes which appellants recommended. It was specifically alleged that the subcontractors advised third party defendant architects in November, 1972, following the subcontractors' agreement to install the system in accordance with the plans prepared by the architects, that the system would require a different filter from that specified in the plans, and it would also require additional space over that allotted. Yet the third party defendants refused to inform Southern Baptist of the design changes insisted upon by the subcontractors, refused to change the plans to permit the subcontractors to extend the system through the roof and refused to advise Southern Baptist to direct those changes. Finally subcontractors alleged that because of the architects' refusal, the subcontractors were required to alter the system from the components specified in the plans, and, but for the refusal, Southern Baptist would not have suffered the alleged damages arising from the operation of the altered disposal system installed by the subcontractors.
The subcontractors urge that we extend the theory stated in A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973) to this case, and if so extended, we hold the trial court erred in dismissing the third party complaint. The Supreme Court stated in Moyer that even absent privity with the architect, the general contractor may have a cause of action for negligence against the architect, provided the contractor has sustained a foreseeable injury proximately caused by the negligent performance of a contractual duty by an architect.
We would have no difficulty in applying the Moyer doctrine to this cause if appellants had alleged ultimate facts showing it was foreseeable that injury might result to Southern Baptist which was proximately caused by the negligent performance of the architect's duty. Yet the essential ingredient of negligence, proximate causation, is lacking here. The subcontractors alleged that due to the refusal of the architects to change the plans, they themselves altered the waste disposal system from the components specified in the plans and specifications. There is nothing in Moyer, or for that matter any of the cases relied upon by appellants, which holds a subcontractor may unilaterally alter an architect's plans and sue the architect when the resulting construction becomes deficient. The subcontractors failed to comply with the terms of the contract requiring that they build the system as designed. Had the subcontractors alleged they built the system in accordance with the plans prepared by the architects, their complaint might withstand a motion to dismiss. This was not the case here.
AFFIRMED.
MILLS, Acting C.J. and MASON, Ernest E., Associate Judge, concur.